IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  09-cv-01295-PAB-MEH

JUSTIN METCALF,
WILLIAM CURRIER, and
HERMAN CHRISTOPHE,
individually and on behalf of similarly situated individuals,

      Plaintiffs,

v.

FCI AND ASSOCIATES, INC.,
DAN FITCH, and
MIKE BUCHART,

      Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael H. Hegarty filed on December 18, 2009 [Docket No. 22].  The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties.  *See also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on December 21, 2009.  No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 22] is ACCEPTED.

2. This case shall be stayed until February 1, 2010.

DATED January 11, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).