IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01295-PAB-MEH

JUSTIN METCALF,
WILLIAM CURRIER, and
HERMAN CHRISTOPHE,
individually and on behalf of similarly situated individuals,

    Plaintiffs,

v.

FCI AND ASSOCIATES, INC.,
DAN FITCH, and
MIKE BUCHART,

    Defendants.
_____

**ORDER APPROVING COLLECTIVE ACTION SETTLEMENT**
_____

This matter is before the Court on the parties' joint motion for an order approving their collective action settlement [Docket No. 44]. *Cf.* 29 U.S.C § 215(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946))). Having reviewed the motion, the record, and the details of the settlement agreement [Docket No. 44-2], the Court concludes that the settlement agreement reflects a reasonable compromise over the issues that are actually in dispute in this case. Furthermore, the agreement was reached in an adversarial context and arrived

at a fair disposition of the claims and arrived at a fair settlement of the costs of litigation. *See generally Lynn's Food Stores, Inc.*, 679 F.2d 1350.

Accordingly, it is

**ORDERED** that the parties' joint motion for an order approving their collective action settlement [Docket No. 44] is GRANTED. The Court approves the parties' proposed settlement agreement. It is further

**ORDERED** that the Court will maintain jurisdiction over this action until the terms of the settlement agreement [Docket No. 44-2] are fully executed. It is further

**ORDERED** that plaintiffs' motion for conditional class certification and judicial notice [Docket No. 16] is DENIED as moot. It is further

**ORDERED** that, pursuant to the Court's authority under D.C.COLO.LCivR 41.2, this case shall be administratively closed during the pendency of the execution period of the settlement agreement. On or before June 31, 2011, the case may be reopened by motion of any party showing good cause. If, on or before June 31, 2011, no party files a motion to reopen the case or a motion to extend that deadline, the case shall be dismissed.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge